

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 30  PM 2: 48

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGLEULA MOORE | CIVIL ACTION |
| VERSUS | NO. 05-3771 |
| ORLEANS PARISH PRISON | SECTION "B" (2) |

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Angleula Moore, was a prisoner incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that while incarcerated at OPP, she was bitten by a spider. Plaintiff seeks monetary damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order entered August 19, 2005, the court required plaintiff to file with the court on or before September 8, 2005 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based



Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness.  A review of the record indicates that this order was mailed to plaintiff at her address at OPP.  This order was returned to the court and no response from plaintiff has been received.   Record Doc. Nos. 5 and 6.

Because mail sent to plaintiff by the court had been returned to the court, staff of the undersigned magistrate judge inquired and were advised by OPP that on August 20, 2005, before Hurricane Katrina devastated the New Orleans area on August 29, 2005, plaintiff was released from incarceration and left no forwarding address.  In addition, Record Doc. No. 8 entered October 18, 2005, reflects that OPP notified the court in writing on August 23, 2005 that plaintiff was no longer incarcerated.  Staff of OPP provided to the court the address plaintiff had provided to the prison when she was initially incarcerated.  In addition, a review of the court's record revealed that plaintiff had included an alternative street address in her original complaint.  Record Doc. No. 1, Complaint at ¶ III.

- 2 -

By order dated October 13, 2005, the Clerk was directed to remail to plaintiff a copy of the court's previous order requiring plaintiff to file a written statement of facts, witnesses and exhibits, to plaintiff at <u>both</u> the address provided by the prison <u>and</u> the street address provided by plaintiff in her original complaint. Plaintiff was advised that she was granted until November 23, 2005 to respond to the court's order and that failure do so might result in the issuance of a report and recommendation that plaintiff's case be dismissed for failure to prosecute. This order was returned to the court from <u>both</u> of the addresses set out above with notations indicating that the postal service was unable to deliver or forward them, and again no response from plaintiff has been received. Record Doc. Nos. 9, 11 and 14.

Thereafter, by order dated December 6, 2005, plaintiff was ordered to show cause why her suit should not be dismissed for failure to prosecute based on her failure to comply with the court's previous orders dated August 19 and October 13, 2005. Alternatively, plaintiff was again ordered to file her written statement of facts, witnesses and exhibits no later than January 6, 2006. Plaintiff was advised that this would be her final notice of the court's requirement and that failure to comply with this order would result in a recommendation that her case be dismissed for failure to prosecute. The record reflects that this order, Record Doc. No. 12, which was again mailed by the Clerk

to plaintiff at both of the addresses set out above, has <u>not</u> been returned to the Clerk, but still no response from plaintiff has been received. However, attached hereto for filing in the record is a copy of the court's December 6, 2005 order which was independently mailed by my staff to plaintiff at the alternative address contained in her original complaint and returned to my chambers on January 26, 2006 with the notation, "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."

Virtually every order addressed to plaintiff from the court has been returned. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated August 18, 2005 and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh,</u> 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying

the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's August 19, October 13 and December 6, 2005 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is

advised that she may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that her objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

- 6 -

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Angleula Moore be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____27th_____ day of January, 2006.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**JOSEPH C. WILKINSON, JR.**
UNITED STATES MAGISTRATE JUDGE
500 Poydras Street, B409
New Orleans, LA 70130





NOT DELIVERABLE
AS ADDRESSED,
UNABLE TO FORWARD

ANGLEULA MOORE
1800 JOANN PLACE
NEW ORLEANS, LA  70114



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ANGLEULA MOORE                              CIVIL ACTION

VERSUS                                       NO. 05-3771

ORLEANS PARISH PRISON                        SECTION "B"(2)

## ORDER

By order dated October 13, 2005, Record Doc. No. 9, plaintiff ANGLEULA MOORE

was granted until November 23, 2005 to respond to the court's August 19, 2005 order

requiring plaintiff to provide the court with the following:

1.  A written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit.

2.  A written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction.

3.  A written statement of the facts expected to be offered at trial either orally or as documents.

4.  A complete and specific list of all documents to be offered at trial.

5.  A complete list of all witnesses to be called at trial, including:

a.     Name and address of each witness.

b.     A separate summary of the expected testimony of each witness.

A review of the court's record reflects that plaintiff has not complied with the court's previous orders.  Accordingly,

**IT IS ORDERED** that plaintiff show cause why her suit should not be dismissed for failure to comply with the court's previous orders dated August 19 and October 13, 2005 by filing written reasons or a statement providing the requested information in the court's record on or before **JANUARY 6, 2006**.  This is plaintiff's final notice of this requirement.  Failure to comply with this order will result in issuance of a report and recommendation that the case be dismissed for failure to prosecute.

New Orleans, Louisiana, this _____ day of December, 2005.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF AT
THE FOLLOWING ADDRESSES:**

ANGLEULA MOORE
1954 ELIZARDI BLVD.
NEW ORLEANS, LA  70117

AND

ANGLEULA MOORE
1800 JOANN PLACE
NEW ORLEANS, LA  70114